UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WANG KOO CHUNG,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DOUG WADDINGTON,<br><br>　　　　Respondent. | Case No. C06-5249RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**January 5, 2007** |

　　This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.

### INTRODUCTION AND DISCUSSION

　　Petitioner is challenging Pierce County Convictions for vehicular homicide and vehicular assault. Having reviewed the file the court concludes this petition is time barred and should be dismissed with prejudice.

### PROCEDURAL HISTORY

　　Petitioner was sentenced on May 10, 2002 to 54 months (Dkt. # 1). Petitioner filed a direct

REPORT AND RECOMMENDATION- 1

1  appeal which was denied April 13, 2004 by the Washington State Court of Appeals (Dkt. # 10,
2  Exhibit 4).  Petitioner did not seek review in the state supreme court.
3       May 13, 2005 petitioner filed a Personal Restraint Petition (Dkt. # 10, Exhibit 6).  The
4  petition was dismissed by the Washington State Court of Appeals on December 22, 2005 (Dkt. # 10,
5  Exhibit 7). January 6, 2006 petitioner filed a motion for discretionary review with the Washington
6  State Supreme Court (Dkt. # 10, Exhibit 8).  The motion for discretionary review was denied March
7  3, 2006 (Dkt. # 10, Exhibit 9).  Petitioner filed a motion to modify the ruling which was denied May
8  2, 2006 (Dkt. # 10, Exhibits 10 and 11).  This Federal Habeas Corpus action was filed three days
9  later on May 5, 2006 (Dkt. #1).
10      Respondent has filed an answer arguing the petition is time barred (Dkt. # 9).  Petitioner has
11 filed a traverse arguing the decision of the Washington State Court of Appeals on direct appeal did
12 not become final until the mandate was issued (Dkt. # 10).  Respondent has filed a supplemental
13 pleading that has been considered (Dkt. # 11).

## EVIDENTIARY HEARING

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing may not be held unless (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.  28 U.S.C. §2254(e)(2) (1996). Petitioner's claims rely on established rules of constitutional law.  Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, petitioner is not entitled to an evidentiary hearing.

## STANDARD

REPORT AND RECOMMENDATION- 2

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## DISCUSSION

### One Year Limitation Period of 28 U.S.C. § 2244(d)

Federal habeas corpus petitions are subject to a statue of limitations under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

    (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

REPORT AND RECOMMENDATION- 3

1  (2)  The time during which a properly filed application for State post-conviction or other
2  collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final for purposes of 28 U.S.C. § 2244(d) 30 days after his re-sentencing was affirmed April 13, 2004.  This is because petitioner did not exhaust any claim by seeking discretionary review in the Washington State Supreme Court.  A motion for discretionary review needed to be filed withing 30 days of the Washington State Court of Appeals ruling.  If discretionary review had been sought, the decision would not be final until 90 days after a decision was rendered by the state supreme court as a person has 90 days to file a petition for writ of certiorari in the United States Supreme Court.

Petitioner argues that under Washington state court rules his conviction was not final until the Washington State Court of Appeals issued the mandate on May 20, 2004 (Dkt. # 12, page 2). While petitioner's position is correct with respect to state court filings, it is incorrect with regard to a federal habeas petition.  This issue was specifically addressed by the Ninth Circuit, and in this circuit the date the decision is filed is the date review was concluded for federal habeas corpus purposes. <u>Wixom v. Washington</u>, 264 F.3d 894 (9th Cir. 2001).

The one year statute of limitation began to run in this case on May 13, 2004.  It ran for 364 days until petitioner filed a Personal Restraint Petition on May 13, 2005.  Thus, petitioner had one day remaining on the one year time frame.  The time remained tolled until May 2, 2006 when the Washington State Supreme Court denied the motion to modify the ruling denying review (Dkt. # 10, Exhibit 11).  May 3, 2006 was the last day on the one year time frame.  This petition was not filed until May 5, 2006.  The petition is time barred.

<u>CONCLUSION</u>

This petition is time barred.  Accordingly, the petition should be **DISMISSED WITH PREJUDICE.**  A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of

REPORT AND RECOMMENDATION- 4

appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 5, 2007**, as noted in the caption.

Dated this 8 day of December, 2006.

                                           */S/ J. Kelley Arnold*
                                           J. Kelley Arnold
                                           United States Magistrate Judge

REPORT AND RECOMMENDATION- 5